UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SURINDER SINGH, | 07 Civ. 302 (SCR) |
| Plaintiff, |  |
| v. | ORDER |
| EMILIO GONZALEZ, DIRECTOR OF THE U.S. CITIZENSHIP AND IMMIGRATION SERVICES, ALBERTO R. GONZALEZ, ATTORNEY GENERAL OF THE UNITED STATES, KEVIN D. ROONEY, DIRECTOR OF THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, JULIE L. MEYERS ASSISTANT SECRETARY IMMIGRATION CUSTOMS AND ENFORCEMENT |  |
| Defendants. |  |

**STEPHEN C. ROBINSON, District Judge:**

Plaintiff Surinder Singh brought this claim against the above captioned defendants, alleging that the U.S. Citizenship and Immigration Services ("CIS") unlawfully failed to adjust his status to that of a lawful permanent resident. Plaintiff brings claims under 42 U.S.C. §1983, the Due Process Clause of the Fifth Amendment, and 8 U.S.C. § 1255.[1] Plaintiff presently seeks a preliminary injunction "enjoining the defendants during the pendency of this action from deporting [him] without a hearing". Plaintiff's request for a preliminary injunction is denied.

Plaintiff alleges that he unlawfully entered the country in 1992, and has lived here ever since. On March 12, 1997, the Immigration and Naturalization Service began deportation proceedings against him. On August 20, 1997, Plaintiff married Debra Sevim, a United States citizen. Since that time Plaintiff has sought, unsuccessfully, to adjust his status to that of a lawful permanent resident. On February 2, 2000, Plaintiff was granted a voluntary departure date of January 1, 2001. This date was subsequently extended to June 20, 2003 as Plaintiff attempted to adjust his status – which, as stated already, he has been unable to accomplish. Plaintiff has remained in this country unlawfully since June 20, 2003.

Plaintiff alleges that the CIS has unlawfully failed to act on plaintiff's motion to reopen his deportation proceedings since February 2004. However, at a conference before this Court on January 18, 2007, counsel for the Government provided the Court with a ruling by the Board of Immigration Appeals ("BIA") which indicated that an immigration judge did in fact deny his

---

[1] Plaintiff's complaint actually alleges violations under 28 U.S.C. § 1255, but in context the Court assumes Plaintiff meant to bring a claim under 8 U.S.C. § 1255 (pertaining to the adjustment of status of immigrants).

1

motion to reopen his case on March 6, 2006 on the grounds that his motion was both time and number barred. That decision was upheld by the BIA on August 31, 2006.

Given that an immigration judge and the Board of Immigration Appeals has ruled on plaintiff's motion to reopen, this Court is without jurisdiction to entertain Plaintiff's claim or request for a preliminary injunction. "[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal". 8 U.S.C. § 1252(a)(5). Moreover, any such petition must be made within 30 days, 8 U.S.C. § 1252(b)(1), and must be made to the court of appeals for the judicial circuit in which the immigration judge completed the proceedings. 8 U.S.C. § 1252(b)(2). Therefore, a petition to the Second Circuit within 30 days of the BIA's decision, not a collateral attack through this Court, would have been the proper means to appeal the BIA's decision.

This Court lacking jurisdiction to entertain defendant's claim, Plaintiff's request for a preliminary injunction is DENIED. In addition, this Court dismisses Plaintiff's complaint for lack for lack of subject matter jurisdiction. The Clerk of the Court is directed to close this case.

*It is so ordered.*

White Plains, New York

Dated: _January 19_, 2007

Stephen C. Robinson
United States District Judge